2010 BNH 009
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                         Bk. No. 03-13502-MWV
                                                                                                    Chapter 7

Dorothy R. Duby,
                Debtor

Dorothy R. Duby,
                Plaintiff

v.                                                          Adv. No. 08-1160-MWV

United States of America,
Department of Agriculture,
                Defendant

*Terrie Harman, Esq.*
LAW OFFICE OF TERRIE HARMAN
*Attorney for Dorothy R. Duby*

*Michael T. McCormack, Esq.*
U.S. ATTORNEY'S OFFICE
*Attorney for United States
of America Department of
Agriculture*

## MEMORANDUM OPINION

       This matter comes before the Court on a motion for partial summary judgment filed by Dorothy R. Duby (the "Plaintiff") (Ct. Doc. No. 24) and a cross-motion for summary judgment filed by the United States of America Department of Agriculture (the "USDA") (Ct. Doc. No. 30). The Plaintiff's motion for summary judgment pertains only to the liability of Counts I and II of the complaint, whereas the USDA's motion for summary judgment is against the complaint in its entirety. Count I of the complaint asserts violation of the discharge injunction under 11 U.S.C. § 524(a)(2);[1] and Count II asserts violation of the automatic stay pursuant to 11 U.S.C. § 362(a)(6). Both motions have been brought under Federal Rule of

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

Civil Procedure 56, made applicable to the instant case under Federal Rule of Bankruptcy Procedure 7056. Beginning January 25, 2010, the Court held a hearing and took the motions under advisement.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

The facts are largely undisputed. The Plaintiff filed her Chapter 7 bankruptcy petition on October 14, 2003. The USDA was scheduled as an unsecured creditor on the Plaintiff's petition and received notice of the Plaintiff's bankruptcy. Through an internal error at the USDA, the Plaintiff's bankruptcy filing was not reflected on her account. As a result, the USDA automatically sent eight monthly billing statements to the Plaintiff while her bankruptcy was pending. On July 15, 2004, the Plaintiff received her discharge. At that time, her personal obligation to the USDA was also discharged. The USDA received notice of the Plaintiff's discharge on July 30, 2004. However, due to another internal error, the USDA incorrectly treated the Plaintiff's claim as though it was a secured loan. Consequently, between July 30, 2004, and February 13, 2006, the USDA sent the Plaintiff seventeen monthly billing statements regarding her discharged personal obligation. Additionally, during the same period, the USDA made repeated phone calls to the Plaintiff and reported her account to the credit bureau. On December 3, 2008, the Plaintiff filed a complaint alleging violations of both the automatic stay under § 362(a)(6) and the discharge injunction under § 524(a)(2). Subsequently, the Plaintiff moved for partial summary judgment on the issue of liability. The Defendant brought a cross-motion for summary judgment to dismiss the entire complaint.

**DISCUSSION**

Under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, a summary judgment motion should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Genuine," in the context of Rule 56(c), "means that the evidence is such that a reasonable jury could resolve the point in favor of the nonmoving party." Rodriquez-Pinto v. Tirado-Delgado, 982 F.2d 34, 38 (1st Cir. 1993) (quoting United States v. One Parcel of Real Prop., 960 F.2d 200, 204 (1st Cir. 1992)). "Material," in the context of Rule 56(c)) means that the fact has "the potential to affect the outcome of the suit under the applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993). Courts faced with a motion for summary judgment should read the "record in the light most flattering to the nonmovant and indulg[e] all reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodriquez, 23 F.3d 576, 581 (1st Cir. 1994).

### I.    Liability

In her complaint, the Plaintiff alleges that the Defendant violated both the discharge injunction and the automatic stay. Though the Plaintiff seeks damages for both violations, she asserts that summary judgment is appropriate only as to liability on her claims.

#### A.    11 U.S.C. § 362(a)(6): Violation of the Automatic Stay

The automatic stay, § 362(a)(6) provides, in relevant part, that:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362(a)(6). There can be no dispute over whether a violation occurred. In fact, the USDA

admits that it violated the automatic stay when it sent the Plaintiff eight monthly billing statements while her bankruptcy case was pending.  The USDA only argues that its actions were not "willful" within the meaning of 11 U.S.C. § 362(k)(1), because a computer glitch caused the violation to occur.  A determination that a violation of the automatic stay was "willful" speaks to the issue of damages.  Therefore, it will be discussed more fully, *infra*.  Accordingly, the Court finds that the USDA violated the automatic stay when it sent the Plaintiff billing statements despite receiving notice of her bankruptcy filing.

### B.      11 U.S.C. § 524(a)(2): Violation of the Discharge Injunction

The discharge injunction, § 524(a)(2), provides that:

> A discharge in a case under this title operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . .

11 U.S.C. § 524(a)(2).  The USDA admits that it received notice of the Plaintiff's discharge.  Further, the USDA admits that it contacted the Plaintiff post-discharge regarding its claim.  However, since the USDA's computer mistakenly treated the Plaintiff's debt as one secured by a mortgage and not a personal liability of the debtor, the USDA contends that it cannot be held in violation of § 524(a)(2).  "A creditor violates the discharge injunction . . . when it (1) has notice of the debtor's discharge . . .; (2) intended the actions which constituted the violation; and (3) acts in a way that improperly coerces or harasses the debtor."  Lumb v. Cimenian (In re Lumb), 401 B.R. 1, 6 (B.A.P. 1st Cir. 2009) (citing Pratt v. General Motors Acceptance Corp., 462 F.3d 14, 19 (1st Cir. 2006)).  The test to determine liability for a violation of the discharge injunction is an objective one.  In re Lumb, 401 B.R. at 6.  Courts must look at the specific facts and determine whether a creditor's actions were threatening or "exercised in a coercive manner [that] might impinge upon the important federal interest served by the discharge injunction, which is to ensure that debtors receive a 'fresh start' and are not unfairly coerced into repaying discharged prepetition debts."  Pratt, 426 F.3d at 19.

The undisputed facts before the Court reveal that the USDA: (1) received notice of the Plaintiff's discharge, (2) continued to treat the Plaintiff's discharged liability as active, (3) reported the Plaintiff to the credit bureau, (4) sent seventeen monthly billing statements until notified by the Plaintiff's attorney of the Plaintiff's bankruptcy, and (5) made several telephone calls to the Plaintiff regarding her discharged obligation.  The USDA made it appear that the Plaintiff's obligation was active after her discharge even though that was not the case.  All of the USDA's actions had the effect of unfairly coercing or harassing the Plaintiff.  The USDA argues that it should not be held in violation of the discharge injunction, because its loan processor mistakenly treated the Plaintiff's account as though it was secured by a loan.  Further, the USDA reasons that letters sent to the Plaintiff informed her, albeit erroneously, that she was not personally liable for the debt.  That the USDA incorrectly noted the Plaintiff's loan as secured is of no consequence to its liability for violation of the discharge injunction.

Section 524(a)(2)'s inclusion of the words "personal liability of the debtor" is meant to exclude the discharge injunction from applying to creditors who have a valid secured claim that survives a debtor's bankruptcy. See  Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 21 (1st Cir. 2002) ("It is hornbook law that a valid lien survives a discharge in bankruptcy unless it is avoidable and the debtor takes the proper steps to avoid it.").  Those are not the facts before this Court.  In the instant proceeding, the USDA did not have a valid lien, and the Plaintiff's personal obligation to the USDA was discharged. See Winslow v. Salem Five Mortgage Co., LLC (In re Winslow), 391 B.R. 212 (Bankr. D. Me. 2008) (holding that a mortgage lender's acts were in violation of the discharge injunction where default notices were sent to debtor in mistaken belief that she was liable for secured loan though her personal liability was extinguished in bankruptcy); see also In re Curtis, 359 B.R. 356 (B.A.P. 1st Cir. 2007 ) (factual background of In re Winslow provided in more detail).  Therefore, the actions of the USDA were in violation of the discharge injunction because it impinged on the Bankruptcy Code's aim to provide the Plaintiff with a fresh start.

**II.       Damages**

The USDA moves for summary judgment because, it argues, regardless of the Court's finding on liability under either § 362 or § 524, the Plaintiff has not suffered any recoverable damages. The damages requested by the Plaintiff include attorneys' fees, actual damages, punitive damages, and damages for emotional distress. As a threshold matter, sovereign immunity precludes the Court from awarding certain damages in cases against the United States. Section 106 explicitly prohibits the Court from awarding punitive damages in any action against a governmental unit. 11 U.S.C. § 106(a)(3). Despite the Plaintiff's arguments to the contrary, First Circuit law unequivocally bars awards for emotional distress damages against the federal government for any violation of the discharge injunction. United States of America v. Torres (In re Rivera Torres), 432 F.3d 20 (1st Cir. 2005). The Court in Torres, also indicated that emotional distress damages were barred in § 362 actions as well. Id. at 29. Consequently, the Court will only address the merits of the remaining damage claims.

**A.       Damages for Violation of the Automatic Stay**

The Plaintiff asserts that the USDA's violation was willful and requests actual damages and attorneys' fees. The USDA, however, argues that its actions were not "willful," because the violation was not deliberate but rather caused through inadvertence. Section 362(k) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees . . . ." 11 U.S.C. § 362(k)(1). The First Circuit has held that violation of the stay is willful "if there is knowledge of the stay and the defendant intended the actions which constituted the violation." Fleet Mortg. Group, Inc. v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999). "In cases where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate." Id; see also In re Pratt, 462 F.3d at 21 ("We rejected the proposition that a stay violation could not be actionable (viz., "willful") if the creditor had made a good faith mistake, and we held that 'the standard for willful violation of the automatic stay under [§ 362(k)] is met if there is knowledge of

the stay and the defendant intended the actions which constituted the violation.'" (internal citations omitted)).  The USDA admits that it received notice of the Plaintiff's bankruptcy.  Moreover, the USDA intended to send the monthly billing statements that constituted violation of the automatic stay.  As such, the Plaintiff is entitled to actual damages and attorneys' fees, but there remains a genuine issue of material fact as to the amount of actual damages and attorneys' fees the Plaintiff is entitled to receive.  See Heghmann v. Hafiani (In re Heghmann), 316 B.R. 395, 404-05 (B.A.P. 1st Cir. 2004) ("The burden is on the debtor to prove by a preponderance of the evidence that she suffered damages as a result of the stay violation.").

### B. Damages for Violation of the Discharge Injunction

The Plaintiff similarly seeks actual damages and attorneys' fees for the USDA's violation of the discharge injunction.  The USDA claims that the Plaintiff did not suffer any damages, and attorneys' fees could have been avoided if the Plaintiff contacted the USDA to correct the error.  While § 362 provides for an automatic award of actual damages and reasonable attorneys' fees upon the Court finding that the defendant willfully violated the automatic stay, a like provision does not exist for violations of the discharge injunction.  Instead, "[a] bankruptcy court may invoke § 105 to enforce the discharge injunction . . . and order damages if the circumstances so require."  In re Lumb, 401 B.R. at 6.  The contempt standard for awarding damages where there is a violation of the discharge injunction requires a specific factual determination to be made on a case-by-case basis.  It is a higher standard where the Court may consider "good faith mistakes" and other actions of the parties.  Accordingly, there remains a genuine issue of material fact as to whether the Plaintiff is entitled to damages for the discharge injunction.

### CONCLUSION

For the reasons set out herein, the Court grants the Plaintiff's motion for summary judgment and finds that the USDA violated both the automatic stay and the discharge injunction.  Additionally, the Court grants the USDA's motion for summary judgment in part and finds that the Plaintiff is barred from

an award of punitive damages and emotional distress damages for her claims.  The issues remaining for hearing include the amount of actual damages and reasonable attorneys' fees for the automatic stay violation, and whether recoverable damages are appropriate for violation of the discharge injunction.  This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate order consistent with this opinion.

      DATED this 22nd day of February 2010, at Manchester, New Hampshire.

                                        /s/ Mark W. Vaughn
                                        Mark W. Vaughn
                                        Chief Judge