2010 BNH 025
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 03-13502-MWV |
| | Chapter 7 |
| Dorothy R. Duby, | |
|       Debtor | |
| | |
| Dorothy R. Duby, | |
|       Plaintiff | |
| | |
| v. | Adv. No. 08-1160-MWV |
| | |
| United States of America, | |
| Department of Agriculture, | |
|       Defendant | |

*Terrie Harman, Esq.*
LAW OFFICE OF TERRIE HARMAN
*Attorney for Dorothy R. Duby*

*Michael T. McCormack, Esq.*
U.S. ATTORNEY'S OFFICE
*Attorney for United States of America*

**MEMORANDUM OPINION**

On February 22, 2010, this Court entered a decision and judgment in favor of Dorothy R. Duby (the "Plaintiff") holding that the United States of America, Department of Agriculture ("USDA"), violated both the automatic stay, 11 U.S.C. § 362,[1] and the discharge injunction, 11 U.S.C. § 524. See Duby v. United States of America (In re Duby), 2010 BNH 009 (Bankr. D.N.H. 2010). In that decision, the Court also found that the Plaintiff was barred from an award of punitive damages and emotional distress damages for her claims, but the Court reserved ruling on the Plaintiff's damages claims. The Court held a hearing on the issue of damages on May 27, 2010. At the conclusion of the hearing, the Court permitted both parties to file post-hearing briefs after which time the matter was taken under advisement.

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

Because the Court provided a full statement of facts and conclusions concerning the merits of the controversy in the February 2 opinion, we include here only the facts necessary to resolve the instant issue of damages.  The Plaintiff filed her Chapter 7 bankruptcy petition on October 14, 2003.  The USDA was scheduled as an unsecured creditor on the petition and received notice of both the Plaintiff's bankruptcy and the effect of § 362 on creditor collection efforts.  The actual debt owed to the USDA was in the amount of approximately $1,800.  Despite knowledge of the Plaintiff's bankruptcy, the USDA sent eight monthly billing statements to the Plaintiff after her petition was filed.  Subsequently on July 15, 2004, the Plaintiff received her discharge, which included discharge of her personal obligation to the USDA.  The USDA received notice of the Plaintiff's discharge on July 30, 2004.  Due to an internal error and believing the debtor to be secured, the USDA sent the Plaintiff seventeen billing statements between July 30, 2004, and February 13, 2006, regarding her discharged obligation.  Once the Plaintiff's attorney notified the USDA of its violation of the discharge injunction, the USDA immediately ceased its collection activities.    The Court concluded that the USDA willfully violated the automatic stay and also violated the discharge injunction.  However, pursuant to § 106 and First Circuit law, the Court held that the Plaintiff was barred from an award of punitive damages or emotional distress damages since the action was brought against a governmental unit.  See 11 U.S.C. § 106; United States of America v. Torres (In re Rivera Torres), 432 F.3d 20 (1st Cir. 2005).  Based on those findings, the Plaintiff requests attorneys' fees and contempt damages.  At the May 27 hearing, the Court heard testimony from the Plaintiff regarding her damages, and exhibits were admitted into evidence regarding attorneys' fees.

**DISCUSSION**

At the hearing on damages and again in the post-hearing brief, the USDA argued that the Plaintiff failed to provide any evidence of actual damages because of the USDA's violation of the automatic stay. As a result, the USDA argues that an award of attorneys' fees and costs is inappropriate in the absence of any actual damages. Furthermore, the USDA argues that litigation is unnecessary where the Plaintiff suffered no actual damages.

**I.     Awarding Attorneys' Fees under 11 U.S.C. § 362(k) in the Absence of Actual Damages**

Section 362(k)(1) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees . . . ." "The burden is on the debtor to prove by a preponderance of the evidence that she suffered damages as a result of the stay violation." Heghmann v. Hafiani (In re Heghmann), 316 B.R. 395, 404-05 (B.A.P. 1st Cir. 2004).

"The words 'shall recover' indicate that Congress intended that the award of actual damages, costs and attorney's fees be mandatory upon a finding of a willful violation of the stay." Ramirez v. Fuselier (In re Ramirez), 183 B.R. 583, 589 (B.A.P. 9th Cir. 1995). It is true that the Plaintiff did not provide the Court with evidence of any collectible damages other than attorneys' fees. Nevertheless, that does not bar the Plaintiff from receiving an award of attorneys' fees. See Sherkanowski v. GMAC Mortgage Corp. (In re Sherkanowski), 2000 WL 33679425 1, 8 (Bankr. D.N.H. 2000) (the court found that the Debtor was still entitled to attorneys' fees and costs despite the absence of actual damages). On the other hand, the Court may consider a lack of actual damages when determining the reasonableness of attorneys' fees and costs. See Mosher v. Evergreen Mgmt., Inc. (In re Mosher), 2010 BNH 022 1, 6 (Bankr. D.N.H. 2010) (the court limited the award of attorneys' fees in light of the absence of actual damages); see also Rosengren v. GMAC Mortgage Corp., 2001 WL 1149478 1, 5 (D. Minn. 2001) (award of attorneys' fees where nature of damages was de minimus).

The USDA also argues that the current adversary proceeding was unnecessary.  However, "[t]he whole point of the [§ 362(k)(1)] provision is to discourage violations of the automatic stay by appropriate sanctions - and litigation to determine and enforce the sanctions is necessarily implied."  Joslyn v. Ford Motor Credit Corp. (In re Joslyn), 75 B.R. 590, 593 (Bankr. D.N.H. 1987).  Without litigation, a creditor's violation may never come to light, and there would be no deterrent to prevent future violations.  Additionally, the Plaintiff in this case made an attempt to settle the issue without proceeding with litigation, but the USDA refused.

## II.     Appropriate Rate of Attorney Fees That May Be Awarded to Prevailing Parties in Civil Actions Against an Agency of the United States

The USDA argues that even if the Court were to allow recovery of attorneys' fees, the Court should reduce the hourly rate to comply with the statutory basis for fee awards against the government under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  The Court agrees with the USDA, and the Plaintiff does not dispute that the EAJA applies to this case.  Pursuant to 11 U.S.C. § 106(a)(3):

> The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but not including an award of punitive damages. Such an order or judgment for costs or fees under this title or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28.

11 U.S.C. § 106(a)(3).  The EAJA, 28 U.S.C. § 2412(d)(2)(A) further provides that:

> For the purposes of this subsection "fees and other expenses" includes . . . reasonable attorney fees ( . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.) . . . .

28 U.S.C. § 2412(d)(2)(A).  The Court does not find, and the Plaintiff did not evidence, that any special factors should cause an award in excess of the statutory $125 per hour.  However, the Court does believe that an increase in cost of living should be reflected in the recoverable rate.  To factor in the increased cost of living, the $125 statutory rate is multiplied "by the annual average consumer price index for all

urban consumers ("CPI-U") for the years in which counsel's work was performed, and then divid[ed] by the CPI-U figure for March 1996, the effective date of EAJA's $125 statutory rate." Shalon v. Chertoff, 2006 WL 3307512 1, 5 (D. Mass. 2006).  The figure for March 1996 for the northeast urban area was 162.8.  See id. at n.5.  Based on the Bureau of Labor Statistics and average CPI-U for the northeast urban area,[2] the appropriate rate for attorneys' fees in this case is as follows: $165 per hour for 2006, $170 per hour for 2007, $176.25 per hour for 2008, $176.25 per hour for 2009, and $178.75 per hour for 2010.

### III.     Reasonable Attorney Fees for Violation of 11 U.S.C. § 362

The Plaintiff seeks to recover $74,039 in attorneys' fees for 448.20 hours expended and costs of $845.  While the policy behind § 362(k) is intended to deter violations of the stay, "[r]ewarding debtors too lavishly . . . will only 'encourage a cottage industry of precipitous [§ 362(k)] litigation.  This is not to be encouraged either.'" Putnam v. Rymes Hearing Oils, Inc. (In re Putnam), 167 B.R. 737,741 (Bankr. D.N.H.) (quoting McLaughlin v. Fireman's Trust Mortgage Corp. (In re McLaughlin), 96 B.R. 554, 560 (Bankr. E.D. Pa. 1989).

The Court finds that the amount of attorneys' fees requested and hours expended is unreasonable.  The time and fees bear absolutely no relationship to the amount of debt the USDA sought to collect ($1,800), and no actual damages were evidenced by the Plaintiff.  Furthermore, a considerable amount of the fees and expenses are connected to counsel's attempt to recover punitive damages and emotional damages that have been unequivocally barred by the First Circuit in Torres.  Counsel also includes fees and costs for an appeal of this Court's February 22 decision even though the appeal was interlocutory at the time.  Accordingly, the Court believes that the costs and attorneys' fees should be tempered.  Plaintiff's counsel attempted to resolve this dispute with the USDA prior to initiating litigation, but the USDA refused.  The Court finds that Plaintiff's counsel should be awarded the requested fees of $4,836

---

[2]Available at http://www.bls.gov/ro3/fax_9131.pdf and also attached to this opinion.

for the 39.60 hours spent between March 28, 2006, and January 17, 2007 (Ex. 2), which reflects the time period in which a settlement was offered and subsequently rejected by the USDA.³  Additionally, the Court believes a reasonable amount of time to file and prosecute a complaint without punitive and emotional damages equals 40 hours.  The litigation was necessary because of the USDA's refusal to settle the matter.  Taking the average rate under the EAJA as calculated above for the years 2007-2010, counsel is entitled to fees totaling $7,012.50.  Consequently, the Plaintiff is entitled to a total award of $11,848.50 in attorneys' fees for the USDA's violation of the automatic stay.

### III.  Damages for Violation of the Discharge Injunction

The Plaintiff also requests damages for the USDA's violation of the discharge injunction.  No specific provision exists in the bankruptcy code to provide for damages in the case of discharge injunction violations.  Instead, "[a] bankruptcy court may invoke § 105 to enforce the discharge injunction . . . and order damages if the circumstances so require."  Lumb v. Cimenian (In re Lumb), 401 B.R. 1, 6 (B.A.P. 1st Cir. 2009).  Section 105 provides courts with "broad authority to exercise its equitable powers to ensure compliance with its own orders."  Fatsis v. Braunstein (In re Fatsis), 405 B.R. 1, 7 (B.A.P. 1st Cir. 2009).  In the present case, the Court believes a small sanction of $3,000 for violation of the discharge injunction is in order.  The USDA inadvertently believed the debt owed by the Plaintiff was a secured debt.  Once Plaintiff's counsel notified the USDA of its violation of the discharge injunction, the USDA stopped collection efforts immediately.  Notwithstanding, a sanction award is necessary to prevent further violations.

### CONCLUSION

For the reasons set out herein, the Court finds that the Plaintiff is entitled to attorneys' fees in the amount of $$11,848.50 for violation of the automatic stay.  In addition, the Plaintiff is entitled to $3,000

---

³Pursuant to the EAJA, Plaintiff's counsel is actually entitled to $6,535 for the 39.60 hours spent between March 28, 2006, and January 17, 2007.  However, counsel only requested fees of $4,836 for the aforementioned time period.

as a sanction award for the USDA's violation of the discharge injunction.  This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate final judgment consistent with this opinion.

      DATED this 21st day of July, 2010, at Manchester, New Hampshire.

                                             /s/ Mark W. Vaughn
                                             Mark W. Vaughn
                                             Chief Judge

**Bureau of Labor Statistics**
Mid-Atlantic Information Office
Suite 610 East–The Curtis Center
170 South Independence Mall West
Philadelphia, PA 19106-3305

**Branch of Economic Analysis and Information**
Phone: 215.597.3282
Fax: 215.861.5720
Web site: www.bls.gov/ro3/
Email: BLSinfoPhiladelphia@bls.gov

## CONSUMER PRICE INDEX FOR ALL URBAN CONSUMERS (CPI-U)

**Northeast** — **All Items** — **1982-84=100**

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 176.2 | 177.6 | 178.5 | 178.5 | 178.4 | 179.0 | 179.8 | 179.9 | 180.7 | 181.2 | 181.5 | 181.3 |
| 2001 | 182.2 | 182.8 | 183.7 | 184.2 | 184.6 | 185.3 | 185.0 | 185.1 | 185.1 | 185.0 | 185.0 | 184.2 |
| 2002 | 184.9 | 186.1 | 187.0 | 187.8 | 187.7 | 187.8 | 188.3 | 189.3 | 189.5 | 189.9 | 190.1 | 189.6 |
| 2003 | 190.5 | 191.7 | 193.0 | 192.6 | 192.7 | 192.8 | 193.5 | 194.3 | 195.0 | 195.4 | 195.1 | 194.9 |
| 2004 | 195.9 | 196.8 | 198.6 | 199.4 | 199.9 | 201.1 | 201.0 | 201.0 | 201.2 | 202.5 | 202.6 | 201.9 |
| 2005 | 202.6 | 203.6 | 206.0 | 206.9 | 206.2 | 206.2 | 207.9 | 208.7 | 210.8 | 211.5 | 210.0 | 209.0 |
| 2006 | 211.0 | 211.6 | 212.8 | 214.7 | 215.7 | 216.7 | 217.5 | 218.1 | 216.3 | 215.2 | 214.8 | 215.2 |
| 2007 | 215.813 | 216.651 | 218.334 | 219.501 | 220.591 | 221.579 | 221.945 | 221.559 | 221.436 | 221.951 | 223.356 | 223.425 |
| 2008 | 224.325 | 225.213 | 226.926 | 228.133 | 230.089 | 232.649 | 234.545 | 233.788 | 232.841 | 230.837 | 227.236 | 225.091 |
| 2009 | 225.436 | 226.754 | 227.309 | 227.840 | 228.136 | 229.930 | 230.154 | 230.883 | 231.200 | 231.304 | 231.708 | 231.462 |
| 2010 | 232.294 | 232.382 | 233.188 | 233.615 | 234.130 | 233.834 | | | | | | |

**Percent Change from 12 Months Ago**

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 2.8 | 3.5 | 3.8 | 3.3 | 3.2 | 3.4 | 3.7 | 3.3 | 3.4 | 3.2 | 3.4 | 3.3 |
| 2001 | 3.4 | 2.9 | 2.9 | 3.2 | 3.5 | 3.5 | 2.9 | 2.9 | 2.4 | 2.1 | 1.9 | 1.6 |
| 2002 | 1.5 | 1.8 | 1.8 | 2.0 | 1.7 | 1.3 | 1.8 | 2.3 | 2.4 | 2.6 | 2.8 | 2.9 |
| 2003 | 3.0 | 3.0 | 3.2 | 2.6 | 2.7 | 2.7 | 2.8 | 2.6 | 2.9 | 2.9 | 2.6 | 2.8 |
| 2004 | 2.8 | 2.7 | 2.9 | 3.5 | 3.7 | 4.3 | 3.9 | 3.4 | 3.2 | 3.6 | 3.8 | 3.6 |
| 2005 | 3.4 | 3.5 | 3.7 | 3.8 | 3.2 | 2.5 | 3.4 | 3.8 | 4.8 | 4.4 | 3.7 | 3.5 |
| 2006 | 4.1 | 3.9 | 3.3 | 3.8 | 4.6 | 5.1 | 4.6 | 4.5 | 2.6 | 1.7 | 2.3 | 3.0 |
| 2007 | 2.3 | 2.4 | 2.6 | 2.2 | 2.3 | 2.3 | 2.0 | 1.6 | 2.4 | 3.1 | 4.0 | 3.8 |
| 2008 | 3.9 | 4.0 | 3.9 | 3.9 | 4.3 | 5.0 | 5.7 | 5.5 | 5.2 | 4.0 | 1.7 | 0.7 |
| 2009 | 0.5 | 0.7 | 0.2 | -0.1 | -0.8 | -1.2 | -1.9 | -1.2 | -0.7 | 0.2 | 2.0 | 2.8 |
| 2010 | 3.0 | 2.5 | 2.6 | 2.5 | 2.6 | 1.7 | | | | | | |

**July indexes will be released Friday, August 13, 2010**

Available on the Internet at http://www.bls.gov/ro3/fax_9131.htm

| Bureau of Labor Statistics | Branch of Economic Analysis and Information |
|---|---|
| Mid-Atlantic Information Office | Phone: 215.597.3282 |
| Suite 610 East–The Curtis Center | Fax: 215.861.5720 |
| 170 South Independence Mall West | Web site: www.bls.gov/ro3/ |
| Philadelphia, PA 19106-3305 | Email: BLSinfoPhiladelphia@bls.gov |

**CONSUMER PRICE INDEX FOR URBAN WAGE EARNERS (CPI-W)**

**Northeast**     **All Items**     1982-84=100

|  | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 173.1 | 174.4 | 175.2 | 175.4 | 175.4 | 175.9 | 176.7 | 176.6 | 177.6 | 178.0 | 178.4 | 178.3 |
| 2001 | 179.0 | 179.5 | 180.3 | 180.9 | 181.6 | 182.1 | 181.8 | 181.7 | 181.9 | 181.8 | 181.8 | 181.0 |
| 2002 | 181.4 | 182.3 | 183.1 | 184.2 | 184.1 | 184.2 | 184.7 | 185.7 | 186.2 | 186.5 | 186.9 | 186.6 |
| 2003 | 187.2 | 188.6 | 189.8 | 189.4 | 189.2 | 189.2 | 190.0 | 190.7 | 191.9 | 192.1 | 191.9 | 191.7 |
| 2004 | 192.6 | 193.6 | 195.1 | 195.7 | 196.4 | 197.5 | 197.3 | 197.2 | 197.7 | 199.0 | 199.4 | 198.7 |
| 2005 | 199.0 | 200.0 | 201.8 | 202.9 | 202.5 | 202.5 | 204.0 | 204.8 | 207.9 | 208.1 | 206.5 | 205.5 |
| 2006 | 207.5 | 207.9 | 209.0 | 211.0 | 212.1 | 213.0 | 213.5 | 214.2 | 212.7 | 211.1 | 210.9 | 211.5 |
| 2007 | 212.1 | 212.6 | 214.5 | 215.8 | 217.0 | 217.8 | 217.9 | 217.4 | 217.5 | 218.2 | 219.9 | 220.1 |
| 2008 | 221.1 | 221.7 | 223.2 | 224.8 | 227.1 | 229.8 | 231.5 | 230.8 | 229.9 | 227.8 | 223.7 | 221.4 |
| 2009 | 221.704 | 222.945 | 223.626 | 224.252 | 224.748 | 226.695 | 226.714 | 227.598 | 228.158 | 228.193 | 229.048 | 228.794 |
| 2010 | 229.744 | 229.874 | 230.622 | 231.109 | 231.661 | 231.308 | | | | | | |

**Percent Change from 12 Months Ago**

|  | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 2.8 | 3.6 | 4.0 | 3.5 | 3.4 | 3.5 | 3.8 | 3.3 | 3.3 | 3.2 | 3.4 | 3.3 |
| 2001 | 3.4 | 2.9 | 2.9 | 3.1 | 3.5 | 3.5 | 2.9 | 2.9 | 2.4 | 2.1 | 1.9 | 1.5 |
| 2002 | 1.3 | 1.6 | 1.6 | 1.8 | 1.4 | 1.2 | 1.6 | 2.2 | 2.4 | 2.6 | 2.8 | 3.1 |
| 2003 | 3.2 | 3.5 | 3.7 | 2.8 | 2.8 | 2.7 | 2.9 | 2.7 | 3.1 | 3.0 | 2.7 | 2.7 |
| 2004 | 2.9 | 2.7 | 2.8 | 3.3 | 3.8 | 4.4 | 3.8 | 3.4 | 3.0 | 3.6 | 3.9 | 3.7 |
| 2005 | 3.3 | 3.3 | 3.4 | 3.7 | 3.1 | 2.5 | 3.4 | 3.9 | 5.2 | 4.6 | 3.6 | 3.4 |
| 2006 | 4.3 | 4.0 | 3.6 | 4.0 | 4.7 | 5.2 | 4.7 | 4.6 | 2.3 | 1.4 | 2.1 | 2.9 |
| 2007 | 2.2 | 2.3 | 2.6 | 2.3 | 2.3 | 2.3 | 2.1 | 1.5 | 2.3 | 3.3 | 4.3 | 4.1 |
| 2008 | 4.2 | 4.3 | 4.1 | 4.2 | 4.7 | 5.5 | 6.2 | 6.2 | 5.7 | 4.4 | 1.8 | 0.6 |
| 2009 | 0.3 | 0.6 | 0.2 | -0.2 | -1.0 | -1.4 | -2.1 | -1.4 | -0.8 | 0.2 | 2.4 | 3.3 |
| 2010 | 3.6 | 3.1 | 3.1 | 3.1 | 3.1 | 2.0 | | | | | | |

**July indexes will be released  Friday, August 13, 2010**

Available on the Internet at http://www.bls.gov/ro3/fax_9131.htm